# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 26, 2013

Lyle W. Cayce
Clerk

No. 12-40069

GEORGE LEAL; JOHN M. LOZANO,

Plaintiffs-Appellants,

v.

JOHN MCHUGH, Secretary, Department of the Army,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas

Before STEWART, Chief Judge, and KING and OWEN, Circuit Judges.

CARL E. STEWART, Chief Judge:

Plaintiffs-Appellants, George Leal and John M. Lozano, appeal the district court judgment granting Defendant-Appellee John McHugh's[1] motion to dismiss Appellants' age discrimination claims and Leal's retaliation claim, as well as the court's denial of their request for leave to amend their complaint. We AFFIRM IN PART and REVERSE AND REMAND IN PART.

## I. FACTUAL AND PROCEDURAL HISTORY

Appellants allege the following facts in their First Amended Complaint:[2]

---

[1] In his capacity as the Secretary of the Department of the Army.

[2] While Appellants' brief asserts additional facts not contained in the First Amended Complaint, we do not consider those facts herein. *See Randall D. Wolcott, M.D., P.A. v.*

No. 12-40069

Plaintiff-Appellants John Lozano ("Lozano"), born in 1947, and George Leal ("Leal"), born in 1953, (collectively "Appellants"), worked for the Facilities, Engineering, and Management Division ("FEMD") at the Corpus Christi Army Depot ("CCAD").

Lozano began working for the CCAD in 1985, and acquired over twenty years of experience as an Engineering Technician, Project Manager, Quality Assurance Inspector, and Construction Officer Representative. Lozano also volunteered as a Construction Representative Technician with the Army Corps of Engineers for five years in Kuwait. He has received accolades such as "the most productive employee in the [FEMD]."

Leal began working for the CCAD in 1986. He worked as a Material Maintenance Management Specialist, and was promoted to Engineering Technician. From 2007 to the present, Leal has worked as a Contractor Officer Representative for contracts relating to various facilities, including elevators, solid waste disposal, grounds maintenance, and eyewash stations/showers at the CCAD. Leal has received top ratings for performance since 1992, except for one year when he received the second-highest rating.

In 2009, CCAD Facilities and Engineering announced two new positions at the GS-12 level.[3] Lozano and Leal applied for the positions. Both applicants were omitted from the initial selection list in September 2009, but were added to the selection list in October 2009. The selecting official, Michael Webb, initially made selections after the first list was issued but before the second list was issued. Webb did not immediately announce these selections, however.

---

*Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." ) (internal quotation marks and citation omitted)).

[3] The Complaint does not identify the title of the positions, which is "Construction Representative."

No. 12-40069

Webb selected John Clay and Rudy Solis to fill the two new positions. Solis is substantially younger than Appellants.[4] Solis also had a close personal relationship with Webb's supervisor, Luis Salinas, who was the Chief of the FEMD. Salinas expressed a need for "new blood" in his department. Salinas denies involvement in the selection of Solis, although this denial is contradicted by Salinas's testimony during the equal employment opportunity ("EEO") investigation. Webb also stated that Salinas told Webb to select Solis. Prior to his selection, Solis told his co-workers that he would be selected.

In their filings below, Appellants have asserted that the CCAD's failure to follow its own procedural rules for making selections–i.e., by choosing Solis and Clay before the second candidate list was issued–constitutes circumstantial evidence of discrimination. Appellants have also argued they are "clearly better qualified" than Solis and, thus, this finding supports an inference of pretext.

Additionally, Leal alleges that Salinas was his supervisor in 2000 when Leal filed a retaliation claim. Leal also previously participated in EEO complaints on behalf of his co-workers as recently as 2006. Accordingly, Leal alleges that he was not selected for the Construction Representative position due to his prior EEO activity, in addition to age discrimination.

Following their non-selection, Appellants filed administrative complaints alleging that they were discriminated against based on age and, in the case of Leal, based on his protected EEO activity.[5] An investigator with the

---

[4] The complaint does not allege John Clay's approximate age, but Appellants have conceded that he is approximately the same age as them. Thus, instead of challenging Clay's selection as discriminatory, Appellants have suggested that the CCAD's hiring of Clay could have been to establish "cover" for the wrongful hiring of Solis and hence, could constitute evidence of pretext. We need not address this allegation in assessing the sufficiency of Appellants' complaint since it is not contained therein.

[5] Under the Age Discrimination in Employment Act ("ADEA"), a federal sector employee or job applicant complaining of age discrimination has two options: he may either bring a claim directly in federal court as long as, within 180 days of the alleged discriminatory act, he provides the Equal Employment Opportunity Commission ("EEOC") with notice of his

No. 12-40069

Department of Defense's Civilian Personnel Management Division investigated Appellants' complaints. [*See, e.g.*, **R. 77-90**]. Subsequently, an Administrative Law Judge ("ALJ") at the Equal Employment Opportunity Commission ("EEOC") conducted a hearing on Appellants' complaints on April 13, 2011. [**R. 91-102**]. The ALJ issued a decision finding no discrimination, which the agency adopted on May 5, 2011. Appellants subsequently alleged in their complaint before the district court that the ALJ did not address the many inconsistencies in witness testimony or the "subtle pressure applied to one of the witnesses" during the EEO investigation.

Appellants filed suit in federal court on August 2, 2011, alleging that they were not hired for the two newly-created positions because of their age, in violation of the ADEA, 29 U.S.C. § 621 *et seq.* Leal also alleged that his non-selection was retaliation for his prior protected activity, in violation of Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e *et seq.* On October 18, 2011, Appellee moved to dismiss the complaint or, alternatively, for summary judgment. Appellants amended their complaint on October 26, 2011 and also opposed Appellee's motions.

On November 4, 2011, the district court dismissed Appellants' claims under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). On November 14, 2011, Appellants filed a motion pursuant to Federal Rule of Civil Procedure 59(e), requesting that the district court reconsider its dismissal of their complaint. Contained within the motion for reconsideration was also Appellants' request for leave to amend their complaint a second time. On

---

intent to sue at least thirty days before filing suit; or he may invoke the EEOC's administrative process, and then sue thereafter if dissatisfied with the results. *See* 29 U.S.C. §§ 633a(b), (c); *see also* 2 Howard C. Eglit, Age Discrimination § 9:1, at 9-3 to 9-4 (2d ed. 2012 & Supp. 2013) (hereinafter "Eglit"). "This scheme differs from that established by the [ADEA] for nonfederal employment situations." Eglit § 9:1, at 9-3 to 9-4; *see also* 29 U.S.C. § 626(d) (requiring all nonfederal complainants to first file a complaint with the EEOC, as well as with any applicable state agency before bringing suit in court at least sixty days thereafter).

No. 12-40069

December 20, 2011, the district court vacated its prior dismissal order and substituted it with the court's opinion and order on Appellants' Rule 59(e) motion for reconsideration.

In the December 20 opinion, the district court granted Appellee's motion to dismiss Appellants' complaint, ruling that Appellants' allegations regarding Solis's personal relationship with Salinas "defeat[ed]" their age discrimination claims, and that Appellants "asserted a mixed-motive case, which is prohibited" under *Gross v. FBL Financial Services, Inc.*, 557 U.S. 176 (2009). *See generally id.* at 180 (holding that ADEA plaintiffs must prove that age was the "but-for cause" of, rather than a "motivating factor" in, the adverse employment action). The district court further ruled that Leal's retaliation claim failed to demonstrate a plausible causal connection between his protected activity and his non-selection for the new position, since his latest alleged protected activity was in 2006 and the non-selection occurred three years later, in 2009. The district court also denied Appellants' request for leave to amend their complaint. Regarding this latter request, the court concluded that the denial was warranted due to Appellants' "fatal 'mixed motive' allegation of the 'personal relationship' between Solis and Salinas" and Appellants' failure to demonstrate how any amendment would not be futile. Appellants timely appealed the district court's December 20 order.

## II. DISCUSSION

Appellants challenge the district court's dismissal of their age discrimination claims and Leal's retaliation claim and the court's denial of their request for leave to amend their complaint. We address each set of challenges in turn.

### A.    Appellants' Age Discrimination Claims

*1.    Standard of Review*

5

No. 12-40069

We review de novo the district court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Sullivan v. Leor Energy, L.L.C.*, 600 F.3d 542, 546 (5th Cir. 2010) (citation omitted). This court construes facts in the light most favorable to the nonmoving party, "as a motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citation omitted). Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Yet, the complaint must allege enough facts to move the claim "across the line from conceivable to plausible." *Id.* Determining whether the plausibility standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted).

2.    *Applicable Law*

The ADEA prohibits employment discrimination in both the private and local government sectors, and in federal employment. *See* 29 U.S.C. § 623(a) (private and local government sectors, or "nonfederal sectors"); *id.* § 633a (federal sector). Under the relevant provision pertaining to the nonfederal sectors, "[i]t shall be unlawful for an employer to fail or refuse to hire . . . any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." *Id.* § 623(a)(1). In contrast to § 623(a)'s prohibition of employment decisions "because of such individual's age," the federal sector provision states that "all personnel decisions affecting employees or applicants for employment [with various federal agencies] who are at least 40 years of age . . . shall be made free from any discrimination based on age." *Id.* § 633a(a).

To establish a prima facie case of discriminatory treatment based on age, Appellants are required to prove: 1) "they are within the protected class"; 2)

"they are qualified for the position"; 3) "they suffered an adverse employment decision"; and 4) "they were replaced by someone younger or treated less favorably than similarly situated younger employees (*i.e.*, suffered from disparate treatment because of membership in the protected class)." *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir. 2003) (citations omitted). Under the statute, the protected class includes individuals who are at least forty years old. *See* 29 U.S.C. §§ 631(a), 633a(a). "Because the ADEA prohibits discrimination on the basis of age and not class membership, the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class." *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313 (1996).

In *Gross*, the Supreme Court held that a plaintiff alleging age discrimination under the ADEA has the burden of proving that age was the "but-for cause" of the adverse employment action, such as the discharge or failure to hire. *See* 557 U.S. at 176, 180 (quotation marks omitted). The Court interpreted the ADEA's statutory language pertaining to the nonfederal sectors, which proscribes discrimination "*because of* such individual's age." *Id.* at 176 (citing 29 U.S.C. § 623(a)(1)) (emphasis in original). The Court concluded that the ordinary meaning of "because of," based on prior precedent, is that a given basis is the "but-for cause," meaning that "age was the 'reason' that the employer decided to act." *Id.* (citing *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993) *see also Hazen*, 507 U.S. at 610 ("Whatever the employer's decisionmaking process, a disparate treatment claim cannot succeed unless the employee's protected trait actually played a role in that process *and had a determinative influence on the outcome*." (emphasis added))).

*Gross* contrasted the ADEA with Title VII, which requires that a plaintiff prove that the prohibited basis–*i.e.*, race, color, religion, sex, or national

origin–was a "motivating factor" in the challenged employment decision. *Id.* at 174 (citing 42 U.S.C. § 2000e–2(m) (stating that "an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice")) (other citations omitted). When a plaintiff asserts multiple bases for an employer's decision, *i.e.*, where "other factors motivated the [employment] practice," 42 U.S.C. § 2000e–2(m), those actions are known as "mixed-motive" cases. *See Gross*, 557 U.S. at 171 (defining "mixed-motive" cases as "when an employee alleges that he suffered an adverse employment action because of both permissible and impermissible considerations" (citation omitted)). The *Gross* Court observed, "[u]nlike Title VII, the ADEA's text does not provide that a plaintiff may establish discrimination by showing that age was simply a motivating factor." *Id.* at 174. Accordingly, the "but-for" standard of proof is more demanding than the "motivating factor" standard of proof. As the question presented to the *Gross* Court was whether a plaintiff must present direct evidence of discrimination in order to obtain a mixed-motives jury instruction, the Court concluded that "a mixed-motives jury instruction is never proper in an ADEA case." *Id.* at 169-70.

*Gross* did not discuss the ADEA's federal sector provision, *see Gross*, 557 U.S. at 176, and neither we nor the Supreme Court has addressed whether *Gross* applies to that provision. The D.C. Circuit has held, however, that the but-for standard enunciated in *Gross* does not apply to the ADEA's federal sector provision. *See Ford v. Mabus*, 629 F.3d 198, 206 (D.C. Cir. 2010).

In *Ford*, the court first compared the statutory language of § 633a to that of § 623(a). *Id.* at 205 (citations omitted). The *Ford* court observed that the Supreme Court has recognized the "'sharp[]' difference" between these two provisions," and has described §  633a as a "broad, general ban on

'discrimination based on age.'" *Id.* (alteration in original) (citing *Gomez–Perez v. Potter*, 553 U.S. 474, 486, 488 (2008)).    The court further highlighted the Supreme Court's explanation that "Congress chose not to include the federal government in the ADEA's definition of employer and instead 'deliberately prescribed a distinct statutory scheme applicable only to the federal sector.'" *Id.* (citing *Lehman v. Nakshian*, 453 U.S. 156, 166 (1981)).   *Ford* also noted that the D.C. Circuit itself has observed in prior cases that "Congress used sweeping language when it . . . extended the ADEA to cover federal agency employees." *Id.* (omission in original) (citation omitted).   Thus, "[t]o be faithful to that 'sweeping' language," the *Ford* court held that *Gross*'s more restrictive burden of proof, requiring "but-for" causation, does not apply to the broader federal employment provision.  *Id.* at 205–06.   Instead, *Ford* concluded, "[t]he plaintiff . . . has the burden to show that age was *a* factor in the challenged personnel action."  *Id.*  (emphasis in original).

   *3.    Discussion*

As a threshold matter, the parties dispute both whether the federal sector provision is the applicable statute in this case, and whether the but-for standard announced in *Gross* applies to it.   We conclude that the federal sector applies here, and we need not decide whether a federal plaintiff must prove but-for causation or some lesser standard under § 633a because, as we discuss *infra*, Appellants' complaint states a claim for relief under the heightened, but-for standard in *Gross*.

Appellee contends that Appellants have waived their right to have their suit analyzed under the ADEA's federal sector provision.    We note that Appellants' complaint broadly identifies that they are bringing claims under "29 U.S.C. § 621, *et seq*.," without specific reference to either § 623(a) or § 633a. Moreover, both below and on appeal, Appellee appears to have conceded that the federal sector provision is applicable here, for example, by referencing § 633a

and referring to this action as "a federal sector case." [**Appellee Br. at 5 n.1, 18, 20; Def.'s Mot. Dismiss/Mot. Summ. J., R. 50.**] *See, e.g.*, *Duffie v. United States,* 600 F.3d 362, 378 (5th Cir. 2010) ("In its Motion for Entry of Decisions, the IRS took the position that enhanced interest under [26 U.S.C. §] 6621(c) was an affected item, not a partnership item, which is a judicial admission binding on the IRS." (citing *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001) (holding "[a] judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them")). Moreover, the district court also referenced § 633a as the relevant provision of the ADEA in its dismissal orders, even though it also relied on § 623(a)'s "because of" language as interpreted in *Gross*. [**See R. 124, 160**]. Notably, a Department of Defense investigator first investigated Appellants' complaint prior to the EEOC hearing. Thus, until this appeal, it appears to have been understood by the parties and the district court that the federal sector provision applied here, and we conclude the same.[6] Appellee's argument to the contrary is thus unavailing.

On the merits, Appellants argue that the district court erred by concluding that they "have stated a mixed-motive case on which they cannot prevail," which Appellants argue was based on the district court's misreading of *Gross*. Appellee contends that Appellants negate their own age discrimination claim by alleging that Solis was selected for the Construction Representative position both because he was substantially younger *and* because he had a close personal relationship with Appellee's management, Salinas. Appellee also argues that

---

[6] We also note that the federal sector provision provides a federal employee or job applicant's exclusive remedy for bringing an age discrimination suit. *See* Eglit § 9:2, at 9-17 (noting that federal employees and job applicants complaining of age discrimination in employment "cannot look to . . . federal statutes [other than the ADEA] for such relief"; "*[n]or may such an individual base a claim on those provisions of the ADEA that deal with nonfederal employees*." (emphasis added) (citations omitted)).

Appellants' decision to file a single, "unified complaint" precludes them from prevailing on their claims because both could not be selected for reinstatement to Solis's position even if they prevailed.

We conclude, however, that Appellants have stated a claim for which relief may be granted under 29 U.S.C. § 633a. While the First Amended Complaint contains few facts, Appellants successfully allege that: 1) Appellants are within the protected class under the ADEA; 2) Appellants were qualified for the two newly-created positions; 3) Appellants were not selected for the positions; 4) a "substantially younger" employee, Solis, was selected for one of the positions instead; and 5) one of the officials with decision-making authority over Solis's selection, Salinas, said that the department needed "new blood." *See, e.g.*, *Hawkin v. Frank Gillman Pontiac*, 102 F. App'x 394, 398 (5th Cir. 2004) (per curiam) (unpublished) (finding direct evidence of intentional age discrimination based on a supervisor's statement that the company wanted "new blood," meaning, "you know, young people"). In addition to the foregoing facts in the complaint, Appellants have also asserted that the CCAD's failure to follow its own procedural rules when selecting Solis constitutes circumstantial evidence of discrimination, and that because they were "clearly better qualified" than Solis, this finding would support an inference of pretext. Accepting the well-pleaded facts as true and considering them, and the inferences to be drawn therefrom, in the light most favorable to Appellants, these admittedly bare allegations sufficiently state a plausible claim for age discrimination to survive a motion to dismiss.[7] *See Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" (citation

---

[7] Whether Appellants' allegations would survive Appellee's alternative motion for summary judgment based on these facts is an altogether separate issue, which we need not reach since the district court did not rule on this alternative motion.

omitted)); *cf. Iqbal*, 556 U.S. at 681 ("To be clear, we do not reject [the] bald allegations on the ground that they are unrealistic or nonsensical. We do not so characterize them any more than the Court in *Twombly* rejected the plaintiffs' . . . allegation . . . because it thought that claim too chimerical to be maintained." (citation omitted)).

The posture of Appellants' case is not unlike a case that another panel of this court decided in *Flores v. Select Energy Services,* 486 F. App'x 429 (5th Cir. 2012) (per curiam) (unpublished). In *Flores*, the panel examined the district court's dismissal of a complaint alleging age discrimination under Rule 12(b)(6), and concluded, contrary to the district court, that the plaintiffs had stated a claim for relief. *Id.* at 432–33. The employer, Select Energy Services ("Select"), "maintain[ed] that Flores failed to allege a plausible age discrimination claim, his only factual allegation being that some younger employees were not fired after vehicular accidents," unlike him. *Id.* at 432. The panel reversed the district court, reasoning as follows:

> When we review the grant of a motion to dismiss, we must accept the well-pleaded facts as true and consider them in the light most favorable to the plaintiff. Applying this standard, we conclude that Flores's factual allegations of (1) being fired immediately after his accident, in contrast with similarly situated younger employees not being fired after being involved in such accidents, and (2) Select's transmitting an improper job reference, are sufficiently plausible to support a claim of age discrimination at the Rule 12(b)(6) stage of this case.

*See id.* at 432–33 (citation omitted).

Further, the fact that Appellants allege both age discrimination and a personal relationship as reasons for Solis's selection over them is not fatal to their complaint at the Rule 12(b)(6) stage, either because of the allegedly inconsistent factual allegations or because they have pleaded a "mixed-motive"

suit.    Appellee's contention that Appellants' allegation of the personal relationship between Solis and Salinas "negates" Appellants' age discrimination claims is incongruent with the Federal Rules.    *See* Fed. R. Civ. P. 8(d) (permitting the pleading of inconsistent statements, claims, and defenses); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1283 (3d ed. 2004 & Supp. 2012) ("Under [Federal Rule 8(d)] a party may include inconsistent allegations in a pleading's statement of facts." (citations omitted)); *see, e.g.*, *Henry v. Daytop Vill., Inc.*, 42 F.3d 89, 95 (2d Cir. 1994) (citations omitted) (holding that the court could not construe the plaintiff's claim as an admission against another or inconsistent claim).    Accordingly, even if Appellants' factual allegations were somehow inconsistent–which they are not–they do not render a right to recovery elusive.    Moreover, although selection based on a personal relationship is not actionable, non-actionable and actionable claims may be pled together in one complaint without rendering it susceptible to dismissal.    So long as the complaint states a plausible claim for relief on the actionable claim, that claim will withstand a motion to dismiss.

As to the multiple alleged bases for the adverse employment actions here, this feature, too, is not fatal to the complaint at this stage of the case.    It simply will behoove Appellants–if subject to *Gross*'s heightened evidentiary burden here–to prove at summary judgment or trial that, but-for their age, they would have been selected.[8]    For example, we recently vacated and remanded a district court's summary judgment in favor of an employer in an enforcement action by the EEOC, which alleged both age and disability as bases for the employer's decision not to hire the complainant.    *See EEOC v. DynMcDermott Petroleum Operations, Co.* --- F. App'x --- , No. 12-40424, 2013 WL 3855553, at *10 (5th Cir. July 26, 2013) (per curiam) (unpublished).    In *DynMcDermott*, the complainant

---

[8]    We decline to decide what standard of proof applies to an age discrimination employment act claim brought under the ADEA's Federal Sector Provision after *Gross*.

alleged that the employer failed to hire him both because he was too old and because he would have to tend to his wife who had cancer, in violation of the ADEA and the Americans with Disabilities Act, respectively. *See id.* (citations omitted). We remanded the case for trial, holding "the evidence is such that a reasonable jury could return a verdict for the EEOC, finding that *but for [the complainant's] age and disabled wife*, [the defendant] would have hired him." *Id.* (emphasis added). Thus, at the Rule 12(b)(6) stage, Appellants' age discrimination claims here can certainly proceed.

By dismissing Appellants' complaint on the basis that they "have asserted a mixed-motive case, which is prohibited," the district court misread *Gross*, since "but-for cause" does not mean "sole cause." *See* Black's Law Dictionary 250 (9th ed. 2009) (defining "but-for cause" as "[t]he cause without which the event could not have occurred–[a]lso termed *actual cause; cause in fact; factual cause"*); *id.* (defining "sole cause," in relevant part, as "[t]he only cause that, from a legal viewpoint, produces an event or injury"); *Jones v. Okla. City Pub. Schs.*, 617 F.3d 1273, 1278 (10th Cir. 2010) (holding that *Gross* does not place "a heightened evidentiary requirement on ADEA plaintiffs to prove that age was the sole cause of the adverse employment action"). In *Jones*, the Tenth Circuit rejected the employer's argument that, under *Gross*, "'age must have been the only factor' in the employer's decision-making process." *Id.* at 1277. The Tenth Circuit reasoned instead that "an employer may be liable under the ADEA if other factors contributed to its taking the adverse action, as long as 'age was the factor that made a difference.'" *Id.* at 1277 (citations omitted). We find the reasoning of *Jones* persuasive.[9] Even Appellee's brief here asserts, "*Gross* and its progeny

---

[9] Further, other district courts that have considered this issue are in accord with *Jones*. *See, e.g., Houchen v. Dall. Morning News, Inc.*, No. 3:08–CV–1251, 2010 WL 1267221, at *3 (N.D. Tex. Apr. 1, 2010) ("While issues of proof may prevent Plaintiffs from prevailing on both theories, the court does not find the mere fact of pleading sex and age discrimination claims together a basis for dismissing the age discrimination claims. Moreover, *Gross* simply states

concern a plaintiff's ultimate proof burden in ADEA claims, *not the pleading burden.*" (emphasis added). Thus, Appellants need not plead that age was the *sole* cause of their injury to survive a motion to dismiss.[10]

Appellee further argues that Appellants are not entitled to relief because they are challenging Solis's selection in a single "unified complaint." Appellee asserts that, because there is only one challenged position, both Appellants could not be reinstated even if they prevailed, since reinstatement with back pay is the only remedy available to Appellants here. *See Smith v. Office of Pers. Mgmt.*, 778 F.2d 258, 261 (5th Cir. 1985). Therefore, according to Appellee, "Appellants simply are not able to state a plausible ADEA claim upon which relief could be granted as to both of them."

We are unpersuaded by Appellee's argument. First, Appellants' complaint seeks the following remedies that are applicable to their age discrimination claims: 1) reinstatement; 2) backpay; and 3) attorney's fees, litigation expenses and costs.[11] If Appellants prevail, they may be entitled to attorney's fees, even if reinstatement and back pay are not feasible. *See* Eglit § 9:23, at 9-135 to 9-136 ("[M]ost courts . . . are in agreement that a prevailing plaintiff in a suit brought under the ADEA can be awarded attorney's fees and costs against the federal

---

that it is improper for a court to submit a mixed-motives instruction to the jury in an ADEA case."); *Woldetadik v. 7-Eleven, Inc.*, 881 F. Supp. 2d 738, 742 (N.D. Tex. 2012) (holding that "the Court in *Gross* did not in any way restrict a plaintiff's ability to plead inconsistent claims and defenses. . . . [That] Plaintiff ultimately may not be able to recover on both his age discrimination claim and national origin claim is quite beside the point at this juncture of the lawsuit.").

[10] Lower court cases that have held to the contrary are unpersuasive. *See, e.g.*, *Culver v. Birmingham Bd. of Educ.*, 646 F. Supp. 2d 1270, 1271–72 (N.D. Ala. 2009) ("The only logical inference to be drawn from *Gross* is that an employee cannot claim that age is a motive for the employer's adverse conduct and simultaneously claim that there was **any** other proscribed motive involved."). (emphasis in original).

[11] Several other of the remedies Appellants seek are inapplicable to federal employees suing under the ADEA, such as loss of fringe benefits, compensatory damages, and punitive damages. *Cf.* 29 C.F.R. § 1614.501.

government attributable to the suit itself (as opposed to the administrative proceedings preceding the lawsuit.)" (collecting cases)); *see also* 29 C.F.R. § 1614.501 (enumerating the remedies available to a successful, federal employees and job applicants under the ADEA). For this reason alone, we disagree with Appellee that Appellants have not stated a claim for relief. Additionally, courts have held that, in addition to reinstatement and back pay, the judge (rather than the jury) has the discretion to consider whether an award of *front pay* may be granted to a prevailing plaintiff under the federal sector provision, where reinstatement is not feasible. *See* Eglit § 9:22, 9-131 ("If an order directing the hiring or reinstatement of a plaintiff is not feasible . . . , a court may grant the prevailing plaintiff damages in lieu of reinstatement, also known as front pay." (citation omitted)).

Even if Appellee's argument was meritorious, it still would be unclear at this early stage of the case *which* Appellant would be entitled to relief, Leal or Lozano. Thus, at a minimum, the case would need to proceed for the court to determine this question. The one case that Appellee relies upon for the proposition that "only one Appellant could receive the sole remedy of placement in the contested job" entailed the court conducting an evidentiary hearing to determine which of two plaintiffs vying for one position would have prevailed in the absence of the discriminatory selection. *See generally Meredith v. Beech Aircraft Corp.*, No. 89-1592, 1995 WL 333123 (D. Kan. 1995) (unpublished). Even the district court here stated that it was "unwilling to find that all of Plaintiffs' claims are eliminated by the mere fact that one of two positions was filled by someone of unspecified age [Solis]." For these reasons, we reject Appellee's argument that the alleged unavailability of a remedy renders Appellants' complaint defective.

Accordingly, we REVERSE the district court's dismissal of Appellants' age discrimination claims, and REMAND for further proceedings.

## B.    Leal's Retaliation Claim

We also review the district court's dismissal of Leal's retaliation claim de novo.  *Sullivan*, 600 F.3d at 546 (citation omitted).

To state a claim for retaliation in violation of Title VII, a plaintiff must allege that "(1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action."  *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007) (citations omitted).

With respect to his retaliation claims, Leal alleged that he "had participated in prior EEO complaints on behalf of co-workers as recently as 2006" and that "Luis Salinas was [his supervisor] when Mr. Leal filed a claim of retaliation filed [sic] in 2006."  The district court concluded that "Plaintiff's allegations, even if accepted as true, are too attenuated to support a claim of retaliation."  We agree that Leal has failed to allege a plausible causal connection between his alleged EEO protected activity and his non-selection for a position three to nine years later.  *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001) (explaining that "cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close,'" and holding that an adverse action taken twenty months after protected activity "suggests, by itself, no causality at all").

Accordingly, we AFFIRM the district court's dismissal of Leal's retaliation claim.

## C.    Appellants' Motion for Leave to Amend the Complaint

We review the district court's denial of a motion to amend a pleading for abuse of discretion.  *Wilson v. Bruks–Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir.

2010) (citation omitted). "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 678 (5th Cir. 2013) (citation omitted). "[T]hat generous standard is tempered by the necessary power of a district court to manage a case." *Priester*, 708 F.3d at 678 (alteration in original) (citation omitted). In determining whether to grant leave to amend, "the court may consider factors such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment.'" *Id.* (alteration in original) (citations omitted).

We affirm the district court's denial of Appellants' request for leave to amend, albeit on alternative bases than the district court. As discussed, we conclude that Appellants have pleaded a plausible claim for relief on their age discrimination claims; thus, Appellants' pleading multiple bases for the adverse employment action is not fatal to their case at this early stage. However, Appellants had the benefit of both an administrative complaint process and an EEOC hearing before filing suit in federal court; thus, if Appellants had further facts to plead, we suspect they would have done so in their original or first amended complaints. Regarding Leal's retaliation claim, any amendment would be futile, as a three-year lapse, at best, between the protected activity and the adverse employment action is too attenuated temporally to state a claim for relief, even if Salinas was aware of the activity. As Leal's knowledge of his protected activity is completely within his control, an additional opportunity to amend would not aid in developing this claim further.

Further, Appellants have failed to demonstrate what additional facts they would plead, as they filed no proposed second amended complaint contemporaneously with their motion for leave to amend. We therefore conclude

that the district court did not abuse its discretion in denying Appellants' request to amend their complaint.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal of Leal's retaliation claim and denial of Appellants' request for leave to amend their complaint.  We REVERSE the district court's dismissal of Appellants' age discrimination claims and REMAND for further proceedings.