# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30281
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 3, 2014

Lyle W. Cayce
Clerk

BRANDON SCOTT LAVERGNE,

Plaintiff-Appellant

v.

CLAIRE TAYLOR; ADVERTISER MEDIA NETWORK,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 6:13-CV-2193

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Brandon Scott Lavergne, Louisiana prisoner # 424229, pled guilty to two counts of first degree murder for the murders of Michaela Shunick and Lisa Pate. Thereafter, Lavergne filed a civil rights complaint against Claire Taylor and the Advertiser Media Network. The district court treated Lavergne's complaint as arising under 42 U.S.C. § 1983 and dismissed his claims for failure to state a claim because Taylor, a private citizen, and *The Advertiser*, a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30281

private newspaper, were not state actors and had not otherwise acted "under color of law" within the meaning of Section 1983. To the extent Lavergne raised claims under Louisiana state law, those claims were dismissed without prejudice.

On appeal, Lavergne repeats his claims of libel and slander against Taylor and *The Advertiser*, and he contends that the district court erred in refusing to allow him to amend his complaint, as he was entitled to do as a matter of right, or to appoint him counsel. This court reviews a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) de novo, applying the same standard that is used to review a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998). Lavergne has not challenged the district court's determination that the defendants were not state actors for Section 1983 purposes or that it could not exercise supplemental jurisdiction over his state law claims because complete diversity was lacking. Although pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Lavergne has therefore failed to show that the district court abused its discretion in denying Lavergne's motion to appoint counsel or his motion to amend his complaint. *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982); *Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013). To the extent Lavergne raises new claims on appeal, we do not address them. *See Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006).

Lavergne's motion to appoint counsel is DENIED, and the district court's judgment is AFFIRMED.