# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50936

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2014

Lyle W. Cayce
Clerk

CRYSTAL DAWN WEBB,

Plaintiff - Appellant

v.

ROUND ROCK INDEPENDENT SCHOOL DISTRICT,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CV-919

Before DAVIS, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Crystal Dawn Webb appeals the district court's dismissal of her retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), and the district court's denial of her motion for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50936

appointment of counsel.[1] For the reasons that follow, we REVERSE and REMAND for further consistent proceedings.

I.

Webb, an African-American woman employed as a night-shift custodian for the Defendant, Round Rock Independent School District ("RRISD"), alleged that after filing an Equal Employment Opportunity Commission ("EEOC") complaint of racial discrimination, she was retaliated against by being harassed and unfairly disciplined. Her primary complaint is that she was involuntarily transferred to another school within the district that required her to walk sixteen miles to work, thereby jeopardizing her safety during her commute. After unsuccessfully trying to retain *pro bono* counsel, Webb moved for the appointment of counsel under 42 U.S.C. § 2000e-5(f)(1). The district court denied her motion, and thereafter dismissed her claim with prejudice for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). On appeal, Webb contends that the district court erred in dismissing her complaint under Rule 12(b)(6) because she alleged a plausible claim of retaliation and the court abused its discretion in denying her motion to appoint counsel.

II.

A district court's ruling on a Rule 12(b)(6) motion to dismiss is reviewed *de novo*.[2] "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on

---

[1] Webb attempted to allege in her complaint a race discrimination claim under Title VII. The district court dismissed this claim by granting Defendant's 12(b)(6) motion. Webb does not challenge that dismissal in this appeal.

[2] *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013).

No. 13-50936

its face."[3]  "Because [Webb] was proceeding *pro se* at the district court, [this court must] hold [her] complaint 'to less stringent standards than formal pleadings drafted by lawyers.'"[4]

### III.

The only significant issue in this appeal is whether Webb's allegation that RRISD transferred her to another school in the district — which led to a sixteen mile commute — amounts to an adverse employment action to satisfy this element of the plaintiff's retaliation claim.

Webb alleged that she complained about the transfer to her supervisor and explained that she was homeless and had to walk the sixteen miles to work at night.  RRISD declined to reverse its transfer decision.  Webb also alleged that this transfer was causally related to her protected activity—filing the EEOC complaint.  The district court on 12(b)(6) rejected this claim on the grounds that a lateral transfer does not qualify as an adverse employment action.[5]

It is true that Webb did not allege any reduction in pay, different hours, or other usual factors relevant in this context, but the Supreme Court has held that a lateral transfer can amount to an adverse employment action without affecting these usual terms of employment.[6]  In *Burlington Northern & Santa Fe Ry. v. White,* the Supreme Court found a sufficient evidentiary basis to

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011).

[5] The court noted:

Webb cannot show that her transfer was materially adverse because Webb's new position did not offer less opportunities for promotion or salary increases, did not involve a greater likelihood of termination, or the like. Accordingly, Webb's transfer does not constitute an adverse employment action as required to establish a prima facie case of retaliation.

[6] *Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53 (2006).

support the jury's verdict in favor of the plaintiff on her retaliation claim.   The plaintiff was employed as a "track laborer." In response to the plaintiff filing an EEOC complaint, her employer moved her from operating a forklift, a position that required more qualifications, to responsibilities including "removing and replacing [railroad] track components, transporting track material, cutting brush, and clearing litter and cargo spillage from the right-of-way."[7]  This reassignment to new, more strenuous job responsibilities within the same job title was a sufficient factual basis to support the jury's conclusion that the transfer amounted to a retaliatory adverse employment action under Title VII's anti-retaliation clause, even though it did not change any of the usual factors considered for retaliation claims.[8] The Court applied the adverse-employment-action standard for retaliation claims requiring a showing "that a reasonable employee would have found the challenged action materially adverse . . . ."[9]  The Court then concluded that "the significance of any given act of retaliation will often depend upon the particular circumstances. Context matters."[10]  The court provided two helpful examples:

> [1] A schedule change in an employee's work schedule may make little difference to many workers, but may matter enormously to a young mother with school age children. [2] A supervisor's refusal to invite an employee to lunch is normally trivial, a nonactionable petty slight. But to retaliate by excluding an employee from a weekly training lunch that contributes significantly to the employee's professional advancement might well deter a reasonable employee from complaining about discrimination.[11]

---

[7] *Id.* at 57.

[8] *Id.* at 58, 71.

[9] *Id.* at 68.

[10] *Id.* at 69.

[11] *Id.* (internal citation omitted).

No. 13-50936

Webb alleged that her commute was dangerous and inconvenient for her since she had no adequate means of transportation.  However, in this case we lack context facts to evaluate whether the transfer was truly adverse — i.e., whether the commute was truly a significant problem for Webb and whether the adversity was sufficiently severe to dissuade a reasonable employee under similar circumstances from taking the protected action. Although the timeline of events arguably supports Webb's allegation of causation, we are also lacking context facts regarding why RRISD transferred Webb and whether the employer transferred Webb because of her protected action in filing the EEOC complaint.

We conclude that Webb sufficiently pled a claim for retaliation, and this case should be allowed to proceed at least to the summary judgment stage.

IV.

Accordingly, we REVERSE the district court's order dismissing Webb's complaint for failure to state a claim upon which relief can be granted, and REMAND this case for further proceedings.  On remand, if necessary, Webb may renew her motion for appointment of counsel under 42 U.S.C. § 2000e-5(f)(1).