# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30309
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 26, 2015

Lyle W. Cayce
Clerk

BRANDON SCOTT LAVERGNE,

Plaintiff-Appellant

v.

SHERIFF'S OFFICE OF LAFAYETTE PARISH,

Defendant-Appellee

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 6:13-CV-2143

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Brandon Scott Lavergne, Louisiana prisoner # 424229, pleaded guilty to two counts of first degree murder for the murders of Michaela Shunick and Lisa Pate. Thereafter, Lavergne filed a civil rights complaint against the Lafayette Parish Sheriff's Office as a result of his pretrial confinement in the Lafayette Parish jail. The district court dismissed Lavergne's complaint as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and for failure to state a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30309

claim upon which relief could be granted.  The district court also dismissed the claims Lavergne asserted under Louisiana state law without prejudice.

On appeal, Lavergne has not challenged the district court's determinations that Lavergne's claims for monetary relief for the actions taken during his pretrial detention and the related jail conditions, which he contended had forced him to enter a guilty plea to the murders of Shunick and Pate, were barred by *Heck*, that Lavergne's claim regarding a c-pap machine should be dismissed for failure to state a claim, that Lavergne's claims against the Lafayette Parish Sheriff's Office should be dismissed because it was not an entity capable of being sued under 42 U.S.C. § 1983, or that the district court should decline to exercise supplemental jurisdiction over Lavergne's state law claims.  Although pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them.  *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).  Lavergne has thus abandoned any challenge to the dismissal of these claims.  *Id.*

Lavergne does challenge, however, the district court's dismissal of his conditions of confinement claim concerning his placement in administrative segregation.  This court reviews a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) de novo, applying the same standard that is used to review a dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Black v. Warren*, 134 F.3d 732, 733–34 (5th Cir. 1998) (per curiam).

A condition or restriction of pretrial detention that constitutes punishment implicates the protection against the deprivation of liberty without due process.  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  Even if the claim is not barred by *Heck*, the district court did not err in dismissing the claim because Lavergne failed show that he was placed in segregation as punishment or that safety concerns were not legitimate.  *See id.* at 535–40.

No. 14-30309

Finally, the district court did not abuse its discretion in denying Lavergne's motions to appoint counsel or to amend his complaint as the amendments were futile, and to the extent Lavergne raises new claims on appeal, we do not address them. *See Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013); *Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006) (per curiam); *Ulmer v. Chancellor*, 691 F.2d 209, 212–13 (5th Cir. 1982).

The judgment of the district court is AFFIRMED.