# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30445

United States Court of Appeals
Fifth Circuit

**FILED**

July 15, 2015

Lyle W. Cayce
Clerk

JOSETTE M. RIPOLL,

Plaintiff - Appellant

v.

PATRICK DOBARD; LOUISIANA STATE DEPARTMENT OF EDUCATION, on behalf of Recovery School District; RECOVERY SCHOOL DISTRICT, through the Louisiana State Department of Education,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-6143

Before HIGGINBOTHAM, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff Josette M. Ripoll appeals the summary judgment in favor of Defendants Patrick Dobard, Louisiana State Department of Education, and Recovery School District (collectively, "Defendants") on Ripoll's claim of age-based employment discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*  We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30445

## I.  Background

Ripoll served as principal of Schaumberg Elementary School within Louisiana's Recovery School District ("RSD") from July 2007 until her termination in July 2012.  She was 61 years of age at the time of her termination.  Prior to that position, she worked one year as a principal, five years as an assistant principal, one year as a coordinator of instruction, and nineteen years as a teacher.  Ripoll holds bachelor's and master's degrees in elementary education and took an additional thirty graduate hours in school administration.

RSD evaluated and tracked the progress of its schools using School Performance Scores ("performance scores"), which were primarily based on student achievement on state-mandated LEAP examinations.  RSD sought to have each school's performance score increase by ten points per year.  It assigned letter grades (i.e. A, B, C, D, and F) to the scores according to standards set by the Louisiana Board of Elementary and Secondary Education ("the Board").  Originally, a score of 60 (out of 200) was the threshold for a D, with anything lower being an F.  Over time, the Board gradually increased the levels so that by 2011 the threshold for a D was a 65, and by 2012 the threshold for a D was a 75.  With Ripoll as Principal, Schaumburg had the following performance scores: 61.7 in 2009, 70.6 in 2010, 69.9 in 2011, and 71.8 in 2012.  Given these scores and the Board's escalating metrics, Schaumburg was a D-rated school from 2009 through 2011 and an F-rated school in 2012.  Schaumberg's performance score was the second highest of the RSD schools in 2009, but by 2012 it dropped to fifth.  In 2012, Schaumburg had the second-lowest student LEAP examination scores out of all RSD elementary schools, with the lowest performing school being administratively phased out after primarily serving students who had failed the examination in prior years.

No. 14-30445

In January 2012, Monica Boudouin, RSD's Director of Student Achievement, conducted mid-year evaluations of school leaders, including Ripoll. Boudouin rated Ripoll on twenty-three performance items as follows: six "Developing," fourteen "Proficient," and three "Exemplary." The evaluation listed the goals for Schaumburg as including a performance score of 80 and 10% increases in all areas of LEAP testing. Boudouin evaluated Ripoll as performing well in the area of effective planning and as needing improvement in the areas of teaching and learning. Boudouin noted that rigorous instruction was not displayed consistently across all classrooms and that there needed to be "[m]ore focus on closing achievement gaps between subgroups of students and using data to quickly determine appropriate interventions for students or subgroups not making progress."

Following the 2011–2012 school year, Boudouin discussed with RSD's Chief of Staff, Nash Crews, that she believed Ripoll had not made sufficient progress to justify retaining her as Schaumberg's principal. Crews attested that she and Boudouin determined that Ripoll should be terminated as principal for the following reasons: (1) student progress, as represented by performance scores, had effectively stagnated under Ripoll's supervision while almost all other schools improved and surpassed Schaumburg; (2) Schaumburg went from a D-rated school to an F-rated school; (3) the goals for Schaumberg of reaching a target performance score of 80 and improving student performance in all LEAP areas by 10% were not met, indeed performance went down in some LEAP areas; and (4) Ripoll struggled to properly manage and evaluate her faculty. Before a formal decision was made, Ripoll requested and received a pre-termination hearing before Crews. After the hearing, Crews recommended to Superintendent Patrick Dobard—who had the final decision-making authority—that Ripoll be removed from the principal

3

position. Dobard notified Ripoll that he concurred in Crews's recommendation, removing her from the principal position. Dobard also notified Ripoll that she could continue at RSD as a teacher, but Ripoll did not accept the teaching position.

Ripoll was replaced by Taylor Alston, a 33-year-old teacher from Atlanta, Georgia. Alston held a bachelor's degree in English literature and a master's degree in education, and had eight years' experience as a teacher.

Ripoll filed an Equal Employment Opportunity Commission ("EEOC") age discrimination charge with the Louisiana Commission on Human Rights. In the charge, she swore under the penalty of perjury that she was told by Sametta Brown, RSD's Executive Director of Human Resources, that she "was being discharged because of [her] age."

After she received a notice of right to sue letter from the EEOC, Ripoll filed suit against Dobard and RSD in Louisiana state court, alleging an age discrimination claim under the ADEA and a state law breach of contract claim. The Defendants removed the case to federal court and later filed a motion for summary judgment. The district court granted the Defendants' motion for summary judgment on Ripoll's age discrimination claim and declined pendent jurisdiction over Ripoll's state law contract claim pursuant to 28 U.S.C. § 1367(c)(3). Ripoll timely appealed the grant of summary judgment on her age discrimination claim.

## II. Standard of Review

We review the district court's grant of summary judgment de novo, construing all facts and inferences in the light most favorable to Ripoll, the nonmoving party. *See EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 615 (5th Cir. 2009). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." FED. R. CIV. P. 56(a). We may affirm the district court's grant of summary judgment on any ground supported by the record and presented to the district court. *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008).

## III. Discussion

"Where a defendant has moved for summary judgment on an employment discrimination claim based on circumstantial evidence, as in this case, we apply the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Turner v. Kan. City S. Ry.*, 675 F.3d 887, 892 (5th Cir. 2012). Under this framework, which was employed by the parties and district court in this case,[1] Ripoll must first establish a prima facie case of age discrimination by showing that: (1) she was discharged from her position; (2) she was qualified for the position; (3) she was at least forty years of age; and (4) she was either (i) replaced by someone substantially younger or (ii) otherwise discharged because of her age. *See Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010); *see also O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 311–13 (1996) (addressing the fourth element of the prima facie case under the ADEA). As did the district court, we assume, without deciding, that Ripoll established a prima facie case. Thus, under the *McDonnell Douglas* framework, the Defendants bear the burden of coming forward with a legitimate, non-discriminatory reason for terminating

---

[1] Ripoll stated in the district court and on appeal that Brown's statement that she was terminated because of her age constituted direct evidence of discrimination. While "the *McDonnell Douglas* test is inapplicable where the plaintiff presents direct evidence of discrimination," by urging only this framework in the district court and on appeal and by failing to argue that it does not apply, Ripoll waived any argument that the evidence should be considered outside the *McDonnell Douglas* framework and under a direct evidence standard. *Turner*, 675 F.3d at 892 n.3 (citation and internal quotation marks omitted); *see, e.g.*, *Knatt v. Hosp. Serv. Dist. No. 1,* 327 F. App'x 472, 484 (5th Cir. 2009) (unpublished) (applying the *McDonnell Douglas* framework where the plaintiff "nowhere acknowledge[d] direct evidence as an alternative to the *McDonnell Douglas* analysis," nor did he argue that "his claim satisfie[d] a direct evidence standard as set forth in relevant precedent").

No. 14-30445

Ripoll. *See Jackson*, 602 F.3d at 378 & n.12. The Defendants met their burden by pointing to the following reasons, which are supported by evidence in the record: Schaumburg's performance scores were stagnant between 2010 and 2012, while other schools improved; Schaumburg's stagnation resulted in its downgrade from a D-rated school to an F-rated school; Schaumburg did not meet the RSD goals of a performance score of 80 or a 10% increase in the passage rate on the annual LEAP examinations; and Ripoll did not properly evaluate her staff.

Accordingly, the final burden rests with Ripoll to point to evidence showing "that the legitimate reasons offered by the defendant[s] were not [their] true reasons, but were a pretext for discrimination." *Id.* at 378 n.12 (quoting *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 143 (2000)). Moreover, the evidence must be sufficient to create a fact issue "that age was the 'but-for' cause of the challenged adverse employment action." *Moss v. BMC Software, Inc.*, 610 F.3d 917, 927 (5th Cir. 2010) (quoting *Gross v. FBL Fin. Servs.*, 557 U.S. 167, 180 (2009)). Ripoll "may show pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence." *Jackson*, 602 F.3d at 378–79 (citation and internal quotation marks omitted). Ripoll does not point to evidence of disparate treatment, but argues that pretext is shown by the following: (1) Schaumberg's performance scores were above the RSD average; (2) Ripoll received a positive evaluation in January 2012; (3) a principal of a lower-performing school was transferred to a newly created administrative position; and (4) Brown told her she was being dismissed because of her age.

The evidence shows that Schaumberg's performance scores were above the RSD average for the 2008–2009, 2009–2010, and 2010–2011 school years. Also, Ripoll's January 2012 evaluation could be considered overall positive

6

since a majority of her ratings were "Proficient" or "Exemplary," with only six out of twenty-three categories being rated "Developing." However, neither of these facts contradicts or draws into question RSD's explanation that it terminated Ripoll for the following reasons: Schaumberg's performance scores stagnated and resulted in an F-rating; Schaumburg did not meet RSD's stated goals; and Ripoll did not properly evaluate her staff. Each of these remains a logical and legitimate reason for dismissing Ripoll as a principal even if Schaumberg maintained above-average performance scores in earlier years and Ripoll received what might be considered an overall positive evaluation in January of 2012. *Cf. Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 899 (5th Cir. 2002) ("Merely disputing Appellee's assessment of his performance will not create an issue of fact.").[2]

Ripoll additionally points to the fact that Al Jones, the 54-year-old principal of another school that had a lower performance score than Schaumberg, was transferred to a newly established position focusing on discipline. This also does not draw into question the reasons given for Ripoll's termination. The difference in age between Jones and Ripoll is not significant, and both were terminated from their principal positions due to performance issues. Both were also offered positions below the principal or assistant principal level. While Ripoll was offered a teaching position, Jones was offered an administrative position focusing on discipline. The Defendants explained that Jones was offered this particular position because he had a proven record with respect to student discipline. Ripoll does not explain why Jones's placement in this position, as opposed to a teaching position, might

---

[2] The fact that Schaumberg had above average scores in prior years does not rebut the Defendants' stated reasons, especially since the average is skewed downward by a school with a very low performance score (such as the score of 28.8 received by the lowest-performing RSD elementary school).

demonstrate that the Defendants' reasons for her termination are false or unworthy of credence.

Finally, Ripoll points to the recounting in her EEOC charge that Brown told her that she was being discharged because of her age.[3] This statement does not demonstrate pretext or discrimination because Ripoll has produced no evidence about Brown's basis of knowledge for the statement that would allow an inference that age was the reason for Ripoll's dismissal.[4] There is no evidence in the record that Brown was responsible for the employment decision, had influence over the employment decision, or was privy to the decision-making process. Instead, the undisputed evidence shows that it was Boudouin, Crews, and Dobard who participated in the decision to terminate Ripoll. It may be Brown's sheer speculation or uninformed opinion that age was the reason for Ripoll's termination. Ripoll simply has not produced evidence on this issue.

Accordingly, we hold that Ripoll failed to adduce evidence that would raise a fact issue "that the legitimate reasons offered by the defendant[s] were not [their] true reasons, but were a pretext for discrimination." *Jackson*, 602 F.3d at 378 n.12 (citation and internal quotation marks omitted). Ripoll likewise did not put forth sufficient evidence to raise a fact issue "that age was the 'but-for' cause of the challenged adverse employment action." *Moss*, 610 F.3d at 927 (quoting *Gross*, 557 U.S. at 180). Notably, Ripoll repeatedly stated in the district court that the Defendants replaced her for political reasons with

---

[3] The Defendants argue that this statement in Ripoll's EEOC charge is not competent summary judgment evidence because it is double hearsay and Brown denies saying it. However, we need not resolve whether the statement at issue is admissible because even assuming the admissibility and truth of Ripoll's assertion about the statement, she has failed to show pretext.

[4] Ripoll did not take any depositions or otherwise diligently pursue discovery that might have revealed Brown's role in, or knowledge of, the termination process.

someone from outside of New Orleans, in addition to arguing that the decision was based on her age.  An additional factor contributing to her termination is not automatically fatal to her claim.  *See Leal v. McHugh*, 731 F.3d 405, 415 (5th Cir. 2013) (explaining that but-for cause does not mean "sole cause").  Yet, this factor combines with the dearth of evidence of pretext to demonstrate that Ripoll failed to present sufficient evidence that age was the but-for cause of her termination.  Summary judgment was properly granted for the Defendants.

AFFIRMED.