# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50700
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2016

Lyle W. Cayce
Clerk

HAROLD L. RYALS,

Plaintiff-Appellant

v.

EL PASO COUNTY; DETECTIVE EDUARDO GUTIERREZ,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:13-CV-288

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Harold L. Ryals, Texas prisoner # 1940539, challenges the district court's dismissal of his 42 U.S.C. § 1983 complaint. Ryals raises the following arguments on appeal: that the district court erred by dismissing his due process and equal protection claims; that Texas law regarding sex offender registration is preempted by federal law; that his obligation to register as a sex

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50700

offender expired in March 2013; and that the district court erred in handling his discovery requests and motion for appointment of counsel.

We review the grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo. *Lampton v. Diaz*, 639 F.3d 223, 225 (5th Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotation marks and citation omitted). This court also reviews a district court's summary judgment dismissal de novo and its findings of fact for clear error. *See Stauffer v. Gearhart*, 741 F.3d 574, 581 (5th Cir. 2014); FED. R. CIV. P. 52(a). A district court may grant summary judgment under Federal Rule of Civil Procedure 56 if the record demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Stauffer*, 741 F.3d at 581. "A genuine issue of material fact exists if the record, taken as a whole, could lead a rational trier of fact to find for the non-moving party." *Harris v. Serpas*, 745 F.3d 767, 771 (5th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 135 S. Ct. 137 (2014). In reviewing both a motion to dismiss under Rule 12(b)(6) and a motion for summary judgment, we will construe the facts in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor. *Kitchen v. Dallas Cty., Tex.*, 759 F.3d 468, 476 (5th Cir. 2014); *Leal v. McHugh*, 731 F.3d 405, 413 (5th Cir. 2013).

To the extent that Ryals challenges the district court's summary judgment dismissal of his due process claim, he fails to identify any error in the district court's reasoning, nor does he meaningfully challenge the district court's reasoning. Issues not addressed in a brief are abandoned. *Raj v. Louisiana State University*, 714 F.3d 322, 327 (5th Cir. 2013). Similarly, mere

recitations of law and "abrupt assertions" of wrongdoing do not present issues for appeal. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Thus, he has waived any challenge to the district court's summary judgment dismissal of his due process claim. *See United States v. Green*, 964 F.2d 365, 371 (5th Cir. 1992). Similarly, to the extent he challenges the district court's dismissal of his equal protection claim for failure to state a claim, he fails to identify any error in the district court's analysis. Ryals's challenge consists entirely of unsupported legal conclusions and citations to various sources without any explanation of the sources cited. Thus, he has also abandoned any challenge to the dismissal of his equal protection claim. *See Brinkmann*, 813 F.2d at 748; *Green*, 964 F.2d at 371.

Next, Ryals's argument that federal law preempts Texas's Sex Offender Registration Program (TSORP) is also unavailing. The district court determined that no such preemption applied. In his brief, Ryals cites to no authority that supports his argument. To the extent that Ryals briefs the issue at all, he fails to identify any error in the district court's analysis or show that he is entitled to relief on the issue, and he has thus abandoned the issue. *See Brinkmann*, 813 F.2d at 748.

Ryals also challenges the district court's determination that his sex offender registration obligation ended in October 2013, and he maintains that his obligation actually expired in March 2013. Ryals's argument, however, is not supported by the record. Under the Texas Sex Offender Registration Program, for individuals not required to register for the duration of their lives, the obligation to register "ends on the 10th anniversary of the date on which the person is released from a penal institution *or* discharges community supervision . . . whichever date is later." TEX. CODE CRIM. PROC. ANN. art. 62.101(b) (emphasis added). Whether or not Ryals was released from prison

in March 2003, as he claims, the evidence is uncontroverted that Ryals discharged his community supervision in October 2003 upon reaching majority age.  Ryals has shown no error.

Finally, Ryals challenges the district court's rulings on several discovery matters, as well as the district court's denial of his motion for appointed counsel.  Having reviewed the challenged rulings and Ryals's arguments thereon, we conclude that Ryals has failed to identify how the district court's discovery rulings were "arbitrary or clearly unreasonable." *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817 (5th Cir. 2004).  Likewise, with respect to Ryals's motion for appointed counsel, because Ryals failed to show exceptional circumstances, the district court's denial of the motion was not an abuse of discretion.  *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

AFFIRMED.