# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41224
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 5, 2015

Lyle W. Cayce
Clerk

STEVEN SCOTT; SUSAN SCOTT,

Plaintiffs - Appellants

v.

FEDERAL HOME LOAN MORTGAGE CORPORATION; WELLS FARGO BANK, N.A., doing business as Wells Fargo Home Mortgage,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
U.S.D.C. No. 4:11-CV-600

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

Steven Scott and Susan Scott ("Plaintiffs") appeal the district court's dismissal of their claim that Federal Home Loan Mortgage Corporation and Wells Fargo Bank, N.A. ("Wells Fargo") (collectively, "Defendants") improperly foreclosed on Plaintiffs' home. The district court granted summary judgment

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## No. 14-41224

for Defendants on multiple claims. Plaintiffs only appeal the dismissal of their claim that Defendants "temporarily waived their right to foreclose on Plaintiffs' home" by accepting payments under a forbearance agreement and then "fail[ing] to give [Plaintiffs] notice that strict compliance [with the original terms of the loan] would be required before foreclosing." The district court correctly determined that Plaintiffs failed to show waiver of Defendants' right to foreclose; therefore, we AFFIRM the dismissal of Plaintiffs' waiver claim.

In 2001, Plaintiffs executed a note and deed of trust to finance the purchase of their home (the "Property").[1] Plaintiffs defaulted on the loan in March 2008, entered into a loan modification agreement with Wells Fargo in May 2008, and defaulted on that agreement in November 2008. Plaintiffs kept in close contact with Wells Fargo about further loan modification from December 2008 until October 2009. During this period, Plaintiffs received several notices that the Property would be foreclosed upon. Each time, in December of 2008 and in April and May of 2009, Plaintiffs contacted Wells Fargo and received assurances that no foreclosure would occur while loan modification was under review—and no foreclosure occurred.

Plaintiffs signed a loan modification agreement ("Forbearance Agreement") in May 2009, which required Plaintiffs to make three payments of $1000.00 over three months, followed by a payment of $14,701.43, due on September 27, 2009 ("balloon payment").[2] Plaintiffs informed Wells Fargo that they could not make the final balloon payment. They allege that Wells Fargo

---

[1] The deed of trust provides: "Any forbearance by Lender in exercising any right or remedy including . . . Lender's acceptance of payments . . . in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy."

[2] The agreement specified that "this forbearance shall not constitute a waiver of the lender's right to insist on strict performance in the future," and that "the lender, at its option, may institute foreclosure proceedings according to the terms of the note and security instrument without regard to this agreement."

advised them to make the first three payments, after which they would be considered for a different loan modification program. Plaintiffs did so, but defaulted on the Forbearance Agreement on September 27, 2009, when they could not make the $14,701.43 payment. On September 22, 2009, Plaintiffs were notified that they might be eligible for the aforementioned loan modification program. Wells Fargo ultimately granted no further loan modification, although Plaintiffs allege phone conversations led them to believe they were in the process of enrolling in a new program.

On October 12, 2009, Plaintiffs received notice of a foreclosure sale scheduled for November 3, 2009. The Property was foreclosed upon on November 3, 2009. Plaintiffs filed suit in state court and the case was removed to federal district court. The district court ultimately dismissed Plaintiffs' waiver claim on summary judgment, citing the non-waiver provision in the deed of trust and determining that Plaintiffs did not "point[] to any evidence that Wells Fargo intentionally relinquished its right to foreclose or acted in a way inconsistent with its right to foreclose."

Although we do not countenance the disorganized conduct Plaintiffs allege or the confusion and uncertainty engendered by it, that conduct is not relevant here. The district court correctly determined that the evidence does not show a waiver of Defendants' right to foreclose.[3] Plaintiffs did not address the dismissal of their other claims, so we deem those matters abandoned.[4]

We AFFIRM the district court's dismissal of Plaintiffs' claims.

---

[3] *See Thompson v. Bank of Am., N.A.*, 783 F.3d 1022, 1024–26 (5th Cir. 2015); *see also Robinson v. Wells Fargo Bank, N.A.*, 576 F. App'x 358, 363–64 (5th Cir. 2014) (unpublished); *Martin-Janson v. JP Morgan Chase Bank, N.A.*, 536 F. App'x 394, 396–98 (5th Cir. 2013) (unpublished).

[4] *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); FED. R. APP. P. 28.