# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

No. 16-41432
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2017

Lyle W. Cayce
Clerk

LINDA DENISE SMITH,

Plaintiff-Appellant

v.

JPMORGAN CHASE BANK, N.A.; FEDERAL HOME LOAN MORTGAGE CORPORATION,

Defendants-Appellees

————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:15-CV-682

————————————

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Linda Denise Smith appeals the dismissal of her pro se civil complaint challenging the defendants' servicing of a Note signed by her deceased husband and their handling of the related foreclosure proceedings involving a Deed of Trust executed by her husband and herself encumbering their jointly owned home. For the reasons discussed below, the district court did not err in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

granting the defendants' motion to dismiss Smith's complaint for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6).

There is no merit to Smith's preliminary contention that the magistrate judge lacked jurisdiction to issue findings and a recommendation on the defendants' motion to dismiss. *See* 28 U.S.C. § 636(b)(1). There is likewise no merit to Smith's assertion that the district court applied an improper evidentiary standard and failed to require the defendants to comply with Smith's discovery requests. A district court may not generally "go outside the complaint" in determining whether to grant a motion to dismiss. *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). Therefore, any alleged error by the district court relating to the discovery process is irrelevant as to the ultimate issue, which is whether Smith's complaint "contain[ed] sufficient factual matter, accepted as true, to state a claim to relief that [was] plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

While we generally review Rule 12(b)(6) dismissals de novo, *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008), any claims that were not addressed in Smith's objections to the magistrate judge's report, such as those alleging bad faith and unreasonable debt collection, are subject to plain error review on appeal. *See Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017). As to these forfeited claims, Smith must show an error that is clear or obvious, that affects her substantial rights, and that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).

Smith's primary appellate assertions are that the defendants acted in bad faith in that their customer service representatives engaged in malicious or grossly negligent misrepresentations that prohibited Smith from avoiding

foreclosure, caused her emotional trauma, and resulted in additional costs incurred in complying with the defendants' programs. Smith's bad faith claim primarily relies on TEX. BUS. & COM. CODE § 1.304, which provides that "[e]very contract or duty within this title imposes an obligation of good faith in its performance and enforcement." However, as the Texas Supreme Court has pointed out, the statutory comment clarifies that:

> [t]his section does not support an independent cause of action for failure to perform or enforce in good faith. Rather, this section means that a failure to perform or enforce, in good faith, a specific duty or obligation under the contract, constitutes a breach of that contract or makes unavailable, under the particular circumstances, a remedial right or power.

*N. Nat. Gas Co. v. Conoco, Inc.*, 986 S.W.2d 603, 606 (Tex. 1998).[1] Because Smith has failed to identify a specific contractual duty or obligation to which the good-faith standard could be tied, § 1.304 does not support Smith's claim. *See id.* at 606-07. Smith has thus failed to show error, plain or otherwise, in the district court's dismissal of this claim.

Furthermore, even if Smith's pro se bad faith claim is liberally construed as relying in part on the Texas common law duty of good faith and fair dealing, *see Yohey v. Collins*, 985 F. 2d 222, 225 (5th Cir. 1983), the claim nevertheless fails. Under Texas law, a duty of good faith is implied only in contracts involving a special relationship marked by shared trust or an imbalance in bargaining power, which ordinarily does not include a mortgagor and mortgagee relationship. *FDIC v. Coleman*, 795 S.W.2d 706, 708-09 (Tex. 1990). As Smith has failed to allege the existence of any special mortgagor-mortgagee

---

[1] Although the Texas Supreme Court was quoting the official comment to the former TEX. BUS. & COM. CODE § 1.203, *see N. Nat. Gas Co.*, 986 S.W.2d at 606, that prior version of the statute and its comment are substantively identical to the current § 1.304 and its official comment.

relationship, she has failed to show error, plain or otherwise, in the dismissal of this claim.

Finally, even if Smith's pro se complaints regarding the conduct of the defendants' customer service representatives are liberally construed as challenging the dismissal of her unreasonable debt collection efforts claim, *see Yohey*, 985 F.2d at 225, Smith has shown no error, plain or otherwise. Unreasonable debt collection is an intentional tort defined as debt collection efforts "that amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App. 2008) (internal quotation marks and citation omitted). Smith is complaining that the defendants misled her in a way that interfered with her ability to satisfy a debt, rather than alleging that the defendants used outrageous techniques, such as harassment or physical intimidation, in order to collect on a debt. *See McDonald v. Bennett*, 674 F.2d 1080, 1088-89 & n.8 (5th Cir. 1982).

Smith has also summarily reasserted several of her district court claims on appeal without addressing the merits of the district court's conclusions regarding the claims or offering "even the slightest indication of any error in [the district court's] legal analysis or its application to [her] suit." *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744 748 (5th Cir. 1987). Smith has therefore abandoned these claims by failing to press them on appeal. *See id.* Finally, we decline to consider any of Smith's district court claims that were not challenged in this appeal or were challenged only in Smith's reply brief, as well as any new claims asserted for the first time in this appeal. *See Yohey*, 985 F.2d at 225.

In light of the foregoing, the judgment of the district court is AFFIRMED.