# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2019

No. 19-10671
Summary Calendar

Lyle W. Cayce
Clerk

KENNETH LAWRY; CLARLEE LAWRY,

Plaintiffs - Appellants

v.

THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., as
Successor in Interest to JPMorgan Chase Bank, formerly known as JP
Morgan Chase, as Trustee for Master Adjustable Rate Mortgages Trust 2005-
2, formerly known as The Bank of New York Trust Company, N.A.; PNC
BANK, N.A.,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CV-111

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Kenneth and Clarlee Lawry sued the Bank of New York Trust Company
and PNC Bank to halt the foreclosure of the Lawrys' home. The Lawrys sought
declaratory relief and damages, alleging that (1) PNC attempted to collect

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 19-10671

more than it was owed, (2) the banks improperly failed to give Mrs. Lawry notice of intent to accelerate, and (3) the banks violated the Texas Debt Collection Act ("TDCA") and Deceptive Trade Practices Act ("DTPA"). The district court dismissed all counts with prejudice for failure to state a claim. The Lawrys appeal; we affirm.

## I.    Background

The Lawrys obtained a $183,750 home-equity loan from National City Mortgage in 2004 for their home in Grapevine, Tarrant County, Texas. Mr. Lawry concurrently signed a promissory note and deed of trust to National City Mortgage. Mrs. Lawry signed the deed of trust, but she did not sign the note. PNC succeeded National City Mortgage and, in 2014, assigned the note and deed of trust to the Bank of New York. PNC remained the servicer of the loan throughout.

After the Lawrys missed forty-nine monthly payments on their mortgage, the Bank of New York filed for expedited foreclosure in 2017. The district court for Tarrant County granted the bank's petition. Then, in April 2018, the Lawrys filed their original petition in this case—an attempt to halt foreclosure—in Tarrant County district court. The banks removed the case to the Northern District of Texas, asserting diversity jurisdiction under 28 U.S.C. § 1332.[1]

In their amended complaint, the Lawrys asserted three claims against the banks:

1.    A declaratory judgment claim that PNC attempted to collect more than

---

[1] The requirements for diversity jurisdiction were met. The Lawrys are domiciled in Texas; the Bank of New York is a national banking association with principal place of business in New York; PNC is a national banking association with principal place of business in Delaware. The prayer for damages was between $200,000 and $1,000,000, and the Lawrys' property was valued at $250,000.

2

No. 19-10671

it was owed.  Specifically, the Lawrys alleged that they paid taxes and insurance for their property, yet PNC demanded $26,705.16 to fund an escrow account for taxes and insurance.

2.    A declaratory judgment claim that the banks improperly failed to give Mrs. Lawry notice of intent to accelerate on the note.

3.    Claims for alleged statutory violations:  they alleged that the banks violated sections 392.101, .202, and .301(a)(3) of the TDCA—and via tie-in, the DTPA—and they sought actual damages, penalties, mental anguish, attorney fees, costs of court, and interest.

The banks moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, or alternatively for judgment on the pleadings under Rule 12(c).  The Lawrys filed no response.[2]  The district court granted the banks' motion and dismissed all three claims with prejudice. *Lawry v. Bank of N.Y. Mellon Tr. Co.*, No. 4:19-CV-00111-A, 2019 WL 2150204, at *3–4 (N.D. Tex. May 16, 2019).  Finding that the provisions of the TDCA cited in the amended complaint bore no relation to the alleged facts, the court dismissed both the TDCA and DTPA claims.  *Id.* at *3.  The court also held that Mrs. Lawry was not an obligor and was therefore not entitled to notice of intent to accelerate.  *Id.*  The court did not address the substance of the overpayment claim, nor did the banks discuss it in their briefing below.  The Lawrys timely appealed.

## II.    Standard of Review

We review motions to dismiss under Rule 12(b)(6) and Rule 12(c) de novo,

---

[2] They did file "a motion for leave to amend, which was stricken and unfiled for failure to comply with the [district court's] requirements and the requirements of the Local Civil Rules of [the Northern District of Texas]." *Lawry v. Bank of N.Y. Mellon Tr. Co.*, No. 4:19-CV-00111, 2019 WL 2150204, at *1 n.1 (N.D. Tex. May 16, 2019).

using the same plausibility standard for both. *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). To survive either motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "We take all factual allegations as true and construe the facts in the light most favorable to the plaintiff." *Doe v. Mckesson*, 935 F.3d 253, 259 (5th Cir. 2019). Therefore, we will affirm dismissal only if plaintiffs can prove no set of facts that would entitle them to relief. *Id.*

## III.    Discussion

The Lawrys' amended complaint contains precious few facts. Consequently, they have not succeeded in adequately pleading any of their three claims, as discussed below. We first examine the Texas statutory claims because, on the banks' theory, the claims for declaratory relief depend on them.

### A. TDCA & DTPA Claims

The Lawrys' TDCA claims consist, in full, of only the following paragraph:

> Pursuant to Texas Finance Code 392.403, Plaintiffs file this action for injunctive relief to prevent or restrain a violation of this chapter; and for actual damages sustained as a result of a violation of this chapter, attorney's fees reasonably related to the amount of work performed and costs, and for each violation of Section 392.101, 392.202, or 392.301(a)(3), a penalty of not less than $100 for each violation of this chapter.

To survive a motion to dismiss, "a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555. Here, there is not even that—only a bare recitation of the statutes relied upon and relief sought. Though the pleading standard no longer requires "detailed factual allegations," it requires *some* statement of facts that suggest a plausible claim for relief. *Id.*

at 555 & n.3.   The Lawrys did not plead *any* facts related to the bond requirement of section 392.101, the process for correction of files under section 392.202, the use of threats or coercion under section 392.301, or representations to third parties of a disputed debt under section 392.301(a)(3) (nor have they alleged that they gave written notice to the banks, a prerequisite for liability under section 392.301(a)(3)).   TEX. FIN. CODE ANN. §§ 392.101, .202, .301.

The banks are also shielded from the reach of sections 392.101 and .202. A defendant must either be a "third-party debt collector" or "credit bureau" to be held liable under those sections.[3]   *Id.* §§ 392.101, .202.   The Lawrys have not alleged that either of the banks meets those definitions.   Further, "a [third-party] debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."   *CA Partners v. Spears*, 274 S.W.3d 51, 79 (Tex. App. 2008) (quoting *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (interpreting the Fair Debt Collection Practices Act[4])).   Because the Lawrys did not allege that the debt was in default at the time it was assigned, they have not shown why the Bank of New York, the assignee of the note, and PNC, the mortgage servicer, are not exempt.

For these reasons, the Lawrys have failed to state a claim under the TDCA.   Consequently, because the Lawrys rely on the TDCA tie-in provision to assert a claim under the DTPA, the failure of their TDCA claims is the death

---

[3] Section 392.301 imposes liability on any "debt collector," which refers to "a person who directly or indirectly engages in debt collection."

[4] The TDCA explicitly defines "third-party debt collector" to mean a "debt collector" under the federal Fair Debt Collection Practices Act (15 U.S.C. 1692a(6)).   TEX. FIN. CODE ANN. § 392.001(7).   The federal statute, in turn, refers to parties that, among other things, seek to collect debts "owed or due or asserted to be owed or due *another*."   15 U.S.C. 1692a(6) (emphasis added)

knell for their DTPA claims. *See* TEX. FIN. CODE ANN. § 392.404. We affirm the dismissal of their TDCA and DTPA claims with prejudice.

## B. Declaratory Relief

The Texas Declaratory Judgment Act permits plaintiffs to "obtain a declaration of rights, status, or other legal relations" under a deed or contract. TEX. CIV. PRAC. & REM. CODE ANN. § 37.004. But prayers for declaratory relief under both state and federal[5] law depend on an otherwise justiciable case or controversy for their vitality. *Bauer v. Texas*, 341 F.3d 352, 357–58 (5th Cir. 2003) (federal law); *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995) (Texas law). The Texas Declaratory Judgment Act does not create a basis for standing separate from the underlying dispute, nor does it confer jurisdiction on the court. *State v. Morales*, 869 S.W.2d 941, 947 (Tex. 1994). In other words, declaratory relief is "merely a theory of recovery" on an underlying cause of action—it is "a procedural device" that "does not create any substantive rights or causes of action." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996).

The banks argue that the Lawrys "have not pleaded facts or an underlying claim to support declaratory relief." We agree. The Texas Declaratory Judgment Act does not erase the pleading requirements of Rule 12(b)(6) or Rule 12(c), and it does not create causes of action out of thin air. Because the Lawrys fail to state a plausible underlying claim, that Act cannot provide relief. As discussed below, we affirm the dismissal of both claims for declaratory relief.

---

[5] 28 U.S.C. §§ 2201–2202.

*1. Notice to Mrs. Lawry*

Under Texas law, acceleration of a mortgage debt must be preceded by notice to the debtor of intent to accelerate. *Ogden v. Gib. Sav. Ass'n*, 640 S.W.2d 232, 234 (Tex. 1982). The Lawrys argue that Mrs. Lawry was entitled to notice and yet did not receive it. We disagree in both respects.

Mrs. Lawry signed only the deed of trust. "A spouse who signs a deed of trust as the spouse of a borrower, but does not sign the loan or note, is not a 'borrower' or 'debtor' entitled to notice of intent to accelerate or intent to foreclosure under Texas law." *Smith v. JPMorgan Chase Bank, N.A.*, No. 4:15-CV-682, 2016 WL 4974899, at *6 (E.D. Tex. Sept. 19, 2016) (citing *Robinson v. Wells Fargo Bank, N.A.*, 576 F. App'x 358, 361 (5th Cir. 2014) (per curiam)), *aff'd*, 699 F. App'x 393 (5th Cir. 2017). The deed of trust also expressly provides that a person who signs only that document is solely mortgaging their property interest and is not a debtor, guarantor, or surety. *See Robinson*, 576 F. App'x at 361 (interpreting a similar provision). Mrs. Lawry is not obligated on the note and was therefore not entitled to notice of intent to accelerate.

But even if she were entitled to notice, the letter addressed to Mr. Lawry that PNC sent to the Lawrys' shared address (the mortgaged property) constructively notified her as well, which is all that Texas law requires. *See id.* (holding that a spouse who signed only the deed of trust was not entitled to notice of intent to accelerate, but that notice sent to her husband at their shared address would have been sufficient regardless). The Lawrys have failed to state a claim of insufficient notice.

*2. Demand for Escrow Funds*

The banks insist that if the TDCA claims are dismissed, the district court has no basis to issue a declaration as to whether the demand for escrow payment was proper. But the Texas Declaratory Judgment Act can sustain a claim of improper demand if sufficiently pleaded. *See Drexel Corp. v. Edgewood*

7

*Dev., Ltd.*, 417 S.W.3d 672, 676 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (holding that declaratory relief was appropriate for determining whether a demand for payment under a contract was proper); *Beard v. Endeavor Nat. Gas, L.P.*, No. 01-08-00180-CV, 2008 WL 5392026, at \*5 (Tex. App.—Houston [1st Dist.] 2008, no pet.) ("[A] declaratory judgment can be a proper method to determine that a party performed under a contract."). Thus, the question is whether the Lawrys' claim of improper demand meets the pleading requirements. This claim is not, as the banks contend, dependent on the TDCA claims; it lives or dies on its own merits.

The Lawrys assert that they have personally been paying taxes and insurance on their property, so they should not have to pay more money into escrow for that purpose, as PNC has demanded they do. But the deed of trust explicitly says that they must pay funds into escrow for taxes, insurance, and the like unless the lender waives their obligation in writing. The Lawrys have alleged no such waiver. The deed of trust contains no provision stating that when the debtor pays taxes and insurance, their obligation to fund the escrow account is eliminated. Rather, it permits the lender to collect escrow funds for both current and reasonably estimated *future* payments. Indeed, one purpose of an escrow agreement is to hold funds to ensure that future payment obligations are satisfied as they come due. *See* 30A C.J.S. *Escrows* § 1 (2019). The Lawrys allege no facts that suggest that the banks are violating the terms of the deed of trust. Lacking facts showing why PNC's demand—ostensibly in keeping with the escrow agreement—was improper, the Lawrys have failed to show why or how they would be entitled to declaratory relief.

We AFFIRM the dismissal of all the Lawrys' claims with prejudice.