12-4114-cv
McDonald v. USPS

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 21st day of October, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             GERARD E. LYNCH,
             CHRISTOPHER F. DRONEY,
                  *Circuit Judges.*

_____

CORNELIO D. MCDONALD,

                  *Plaintiff-Appellant*,

          -v-                                                    12-4114-cv

UNITED STATES POSTAL SERVICE AGENCY,
JOHN E. POTTER, POSTMASTER GENERAL,

                  *Defendants-Appellees*.

_____

Appearing for Appellant:     Cornelio D. McDonald, *pro se*, Fresh Meadows, N.Y.

Appearing for Appellee:      John Vagelatos, Assistant United States Attorney (Varuni Nelson, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Dearie, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Cornelio D. McDonald, proceeding *pro se*, appeals from the judgment and order of the district court that denied his motion for summary judgment and granted Appellees' cross-motion for summary judgment in McDonald's employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

As an initial matter, McDonald's assertions that, in contravention of an unidentified order of the magistrate judge, Appellees failed to depose him, refused to allow him to depose United States Postal Service ("USPS") employees, and did not provide him with certain unidentified documents, are without merit. Under the Federal Rules of Civil Procedure, McDonald was entitled to submit, in support of his summary judgment motion and in opposition to Appellees' cross-motion, an affidavit or declaration based on his personal knowledge of the events, *see* Fed. R. Civ. P. 56(c), and thus, he was not prejudiced by Appellees' decision not to depose him. McDonald also fails to identify the discovery order of the magistrate judge with which the Appellees allegedly failed to comply and further fails to identify the "documentation" he sought. Morever, an independent review of the record reveals only one order of the magistrate judge relating to McDonald's requests for document production and to depose USPS employees, and that order indicates that he withdrew the requests. *See* E.D.N.Y. dkt no. 08-cv-4937, doc. 67 (Order).

Turning to the merits of McDonald's appeal, having conducted an independent and *de novo* review of the record, we find that the district court properly granted Appellees' summary judgment motion with respect to McDonald's Title VII and ADEA discrimination claims relating to the various actions taken against him by the USPS, including the termination of his employment.

Claims brought under Title VII and the ADEA are governed by the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). *See, e.g.*, *Maraschiello v. City of Buffalo Police Dep't*, 709 F.3d 87, 92 (2d Cir. 2013) (Title VII); *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 105-06 (2d Cir. 2010) (ADEA). Under this scheme, the plaintiff must satisfy the minimal burden of making out a prima facie case of discrimination; the burden then shifts to the defendant to produce a legitimate, nondiscriminatory reason for its actions; and, if successful, the plaintiff must prove not only that the proffered nondiscriminatory reason was pretextual but also that the discrimination was the "real reason." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000); *Gorzynski*, 596 F.3d at 106 (to establish pretext in the ADEA context, a plaintiff must show that his age was the 'but for' cause of the defendant's adverse actions (citing *Gross v. FBL Financial Servs.*, 557 U.S. 167 (2009))).

Here, even assuming that McDonald satisfied his "minimal burden" of making out a prima facie case of discrimination, the district court correctly concluded that he had wholly

failed to present any evidence suggesting that Appellees' proffered legitimate reasons for the actions taken against him—the various complaints levied against him by both USPS personnel and the public, as well as his two serious altercations with members of the public—were pretexts for discrimination. In addition, we have held that an "employer is entitled to judgment as a matter of law if the record conclusively reveals some nondiscriminatory reason for the employer's decision." *Richardson v. Comm'n on Human Rights & Opportunitie*s, 532 F.3d 114, 125 (2d Cir. 2008) (internal alterations omitted) (quoting *Reeves*, 530 U.S. at 148) (affirming the district court's summary judgment decision in favor of employer where the record demonstrated "overwhelming evidence" that the plaintiff was terminated for nondiscriminatory reasons). In this case, the Appellees submitted the affidavits of over seven people, the majority of whom were not USPS employees, who had all experienced McDonald's belligerent and argumentative temperament. This "overwhelming evidence" uniformly supports the USPS's decision to discipline and ultimately remove McDonald for conduct unbecoming a postal employee.

McDonald's complaints about the arbitration procedure by which he was ultimately removed are also without merit. First, although he asserts that the USPS prevented a "black Security Officer" from testifying during the arbitration proceedings, he specifically admitted in his summary judgment motion that he himself "never asked [the officer] to testify or write a statement on [his] behalf." Next, although he complains of the divergent outcomes of the two arbitration proceedings, he fails to recognize that each arbitrator was dealing with a separate grievance — the first addressed his August 2007 placement on emergency status and the second dealt with his October 2007 notice of removal. Finally, McDonald's complaint that the "white Arbitrator" made a "racist comment" in her decision is meritless. A review of the July 10, 2008 Award Summary reveals that the arbitrator mentioned McDonald's response to allegedly being called a "nigger" by a non-USPS pedestrian only because he had attempted to justify his subsequent actions towards that pedestrian as an "emotional reaction" to the insult.

Finally, though not separately addressed in the district court's order, summary judgment in favor of Appellees was appropriate on McDonald's hostile work environment claim. In order to maintain such a claim, McDonald was required to show, *inter alia*, that: (1) the harassment was "sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment," *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002) (quotation marks omitted); and (2) the harassment "occurred because of" his membership in a protected class, *id.* at 374. In assessing the severity of harassing conduct, courts consider "whether [the conduct] is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with [the] employee's work performance." *Feingold v. New York*, 366 F.3d 138, 150 (2d Cir. 2004) (second alteration in original) (internal quotation marks omitted). "As a general rule, incidents [of harassment] must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." *Id.* (internal quotation marks omitted).

Here, although McDonald complains about a number of remarks made by his USPS supervisors, the only remarks that arguably contain a reference to McDonald's membership in a protected class for which there is support in the record are Jeff Goldman's alleged comment that the USPS "didn't need [McDonald's] kind working [t]here" and Goldman's "derogatory song" about McDonald's interaction with the Equal Employment Office. Even assuming that Goldman made these two statements, McDonald failed to explain when, during the 18 years he worked for

3

the USPS, the statements were made.  On this record, no inference could be drawn that these remarks were "sufficiently continuous and concerted in order to be deemed pervasive." *Feingold*, 366 F.3d at 150, and thus, McDonald's hostile work environment claim fails as a matter of law.

We have considered all of McDonald's remaining arguments and find them to be without merit.  Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4