**17-2470-cv**
*Neary v. Gruenberg, Federal Deposit Insurance Corporation*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of April, two thousand eighteen.

PRESENT:  DENNIS JACOBS,
               RICHARD C. WESLEY,
                   *Circuit Judges.*
               RICHARD K. EATON,*
                   *Judge.*

---

BRIAN NEARY,

             *Plaintiff-Appellant,*      No. 17-2470-cv

      v.

MARTIN J. GRUENBERG,

             *Defendant-Appellee,*

FEDERAL DEPOSIT INSURANCE CORPORATION,

             *Defendant.*

---

* Judge Richard K. Eaton of the United States Court of International Trade, sitting by designation.

1

FOR APPELLANT:     KRISTIAN ALFONSO (Marshall B. Bellovin, *on the brief*), Ballon Stoll Bader & Nadler, P.C., New York, NY.

FOR APPELLEE:     SHARANYA MOHAN, Assistant United States Attorney (Benjamin H. Torrance, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York.

Appeal from the United States District Court for the Southern District of New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Brian J. Neary, an applicant for a financial regulatory position at the Federal Deposit Insurance Corporation (FDIC), claims he was wrongfully denied a position at the FDIC. Neary was 41 when he applied for the job in 2009. Neary alleges violations of the Equal Protection Clause of the Fifth Amendment, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, and New York City and State civil rights law. The crux of his complaint is that the FDIC's hiring practices, including a 2012 Obama Administration initiative that encouraged federal agencies to preferentially hire recent college graduates, discriminated against applicants over the age of 40. The District Court (Forrest, *J.*) dismissed

Neary's federal law claims and declined to exercise supplemental jurisdiction over his state law claims. Neary appealed. The FDIC and its Chairman, Martin J. Gruenberg, were both defendants below. Chairman Gruenberg is a party to this appeal; the FDIC is not. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1.    Neary argues the District Court applied the wrong standard in dismissing his suit. According to Neary, the court converted defendants' 12(b)(6) motion into a 12(d) motion and treated it as a motion for summary judgment without giving the parties a "reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). In support of that argument, he offers the following: (1) the court referenced two cases, *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167 (2009) and *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973), neither of which involved motions to dismiss; (2) the decision recites the grant of summary judgment to defendants; and (3) defendants submitted a declaration from a non-party.[1]

Neary is correct that the opinion below stated that the court was entering "summary judgment." *See Neary v. Gruenberg*, No. 16-cv-5551, 2017 WL 4350582,

---

[1] The court did not reference the declaration in its decision. As Neary rightly claims, there is no way to know if the court considered it.

at *4 (S.D.N.Y. July 26, 2017); J. App'x 52. He is also correct that the court received "matters outside the pleadings." Fed. R. Civ. P. 12(d). We need not, however, consider his argument because our review is *de novo*. *Littlejohn v. City of N.Y.*, 795 F.3d 297, 306–07 (2d Cir. 2015). As such, we can and will resolve this case on the pleadings under the standard applicable to a 12(b)(6) motion.

2. To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although we assume that all factual allegations in the complaint are true, this "tenet . . . is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

3. Because age is not a suspect class, age-based discrimination does not offend equal protection "if the age classification in question is rationally related to a legitimate [government] interest." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 83 (2000). "[W]hen conducting rational basis review [courts] will not overturn . . . government action unless the varying treatment of different groups

4

or persons is so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the government's actions were irrational." *Id.* at 84 (internal quotation marks and brackets omitted). Accordingly, Neary's equal protection claim survives a 12(b)(6) motion only if the complaint pleads factual content sufficient to support a reasonable inference that the FDIC's treatment of people ages 40 and older "is so unrelated to the achievement of any combination of legitimate purposes that [this Court] can only conclude that [its] actions were irrational." *Id.* (internal quotation mark omitted).

Neary's claim fails. He bases his argument on the Pathways Programs, an Obama Administration initiative aimed at encouraging federal agencies to hire recent college graduates. *See* Exec. Order No. 13562, 3 C.F.R. § 291 (2011) (EO). His first problem, however, is timing: he was denied employment with the FDIC in 2009. President Obama did not sign the EO until December 2010 and it did not come into force until July 2012. *See* Exec. Order No. 13562, 3 C.F.R. §§ 213, 291; 77 Fed. Reg. 28,194, 28,194 (May 11, 2012). Moreover, even if Neary's application had been subject to the EO, he was, as a recent college graduate, an intended beneficiary of the program and cannot claim harm from it. Accordingly, Neary lacks standing to challenge the implementation of the EO; he cannot demonstrate

that he suffered an injury in fact. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (describing the three elements of the "irreducible constitutional minimum of standing," including injury in fact).

Neary's second problem is with the merits. The government's proffered justification for the program is "to replenish a workforce containing an ever-growing number of Federal employees near[ing] retirement age with students and recent graduates." Appellee's Br. 15–16 (internal quotation marks omitted). Neary may be correct that the government could have adopted a different selection process to identify qualified applicants who would likely become long-serving federal employees, and it may be true that the selection criteria the program used failed to account for the work preferences of Millennials, but that is not the relevant inquiry. "[W]here rationality is the test," the government does not violate equal protection "merely because the classifications made by its laws are imperfect." *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 316 (1976) (per curiam) (internal quotation mark omitted).[2] The government has proffered a rational basis

---

[2] *Murgia* involved a challenge to state law and was therefore brought under the Equal Protection Clause of the Fourteenth Amendment. 427 U.S. at 315–16. However, the Court has interpreted the guarantees of equal protection under the Fourteenth and Fifth Amendments as being coextensive, and the cases interpreting the Equal Protection Clause therefore apply to Neary's claims. *See Weinberger v. Wiesenfeld*, 420 U.S. 636, 638

6

for its hiring practices and Neary's allegations are insufficient to raise an inference that those practices violate equal protection. The District Court properly dismissed this claim.

4. Neary's claims under the ADEA fare no better. The ADEA provides that "[a]ll personnel actions affecting employees or applicants for employment who are at least 40 years of age . . . in executive agencies . . . shall be made free from any discrimination based on age." 29 U.S.C. § 633a(a). An ADEA plaintiff may attack a putative employer's action on two grounds: disparate impact and intentional discrimination. *See Smith v. City of Jackson, Miss.*, 544 U.S. 228, 231–32 (2005).[3] Neary raises both here.

5. The government challenges Neary's disparate impact claim for lack of standing under Federal Rule of Civil Procedure 12(b)(1). A 12(b)(1) motion may be based solely on the pleadings or it may be fact-based. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56–57 (2d Cir. 2016). Where, as here, the motion is based on the sufficiency of the pleadings, the plaintiff bears no evidentiary burden and the court

---

n.2 (1975). Thus, the District Court's erroneous reference to Neary's claim under the Equal Protection Clause, *see Neary*, No. 16-05551, 2017 WL 4350582, at *2–3, is irrelevant.

[3] The Supreme Court has not to date recognized disparate impact claims under § 633a, which applies to federal employers, but it has recognized the availability of those claims under § 623, which applies to non-federal employers. *See id.* at 231–33.

must "determine whether the [p]leading alleges facts that affirmatively and plausibly suggest that the plaintiff has standing to sue." *Id.* at 56 (internal quotation marks and brackets omitted). This Court reviews a district court's dismissal of a 12(b)(1) motion *de novo*. *Id.* at 56–57.

Neary lacks standing to challenge the Pathways Programs for the reasons explained above. He was an intended beneficiary of the initiative and it went into effect years after he applied for and was denied a job with the FDIC. His complaint has not alleged facts that affirmatively and plausibly suggest that he has standing, and the District Court properly dismissed the disparate impact claim.

**6.**     Finally, Neary argues that 96% of the FDIC's new hires during the relevant time-period were under the age of 40, he was more qualified for the positions in question than any of the new hires, and the FDIC discriminated against him by treating him less favorably than similarly situated younger potential employees. J. App'x 13, 16. This, he alleges, constitutes intentional age discrimination in violation of the ADEA.

At the pleadings stage for a claim of intentional employment discrimination, "the prima facie requirements are relaxed," such that a plaintiff "can establish a prima facie case without evidence sufficient to show discriminatory motivation."

8

*Littlejohn*, 795 F.3d at 307 (citing *McDonnell Douglas*, 411 U.S. at 802). This Court, applying the *McDonnell Douglas* standard, has adopted a four-part test for assessing whether a plaintiff's intentional employment discrimination claim survives a 12(b)(6) motion: the plaintiff must make "a showing (1) that she is a member of a protected class, (2) that she was qualified for the position she sought, (3) that she suffered an adverse employment action, and (4) [that she] can sustain a *minimal* burden of showing facts suggesting an inference of discriminatory motivation . . . ." *See id.* at 311 (emphasis in original). *Iqbal*'s "plausibility" requirement, which underpins the minimal burden standard from *Littlejohn*, "'asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* at 310 (quoting *Iqbal*, 556 U.S. at 678).

Additionally, in *Gross*, the Supreme Court held that ADEA plaintiffs bringing claims against non-federal employers under § 623 must allege "that age was the 'but-for' cause of the employer's adverse action." 557 U.S. at 176; *see also Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85–86 (2d Cir. 2015). This Court has not expressly held in a precedential opinion that a federal-sector applicant must satisfy *Gross*'s but-for standard, and we decline to do so now. *But see McDonald v. U.S. Postal Serv. Agency*, 547 F. App'x. 23, 25 (2d Cir. 2013) (summary

9

order). The sole element at issue here is the fourth one—whether Neary has made a sufficient showing of facts to support an inference of discriminatory motivation. Even under the less demanding *Littlejohn* standard, he has not.

Although Neary alleges that 96% of the FDIC's new hires were under the age of 40, his complaint contains only a conclusory allegation that the FDIC hired similarly situated younger potential employees. Specifically, he claims that because he has seventeen years of experience and a graduate degree, he was categorically more qualified than the people who ultimately filled the open spots, but he offers nothing to support that allegation—including, for example, the ages of the new hires versus the average age of individuals employed in comparable positions across the industry, the new hires' qualifications, their relevant work experience, or a statement from somebody at the FDIC indicating that Neary's age played a role in its hiring decision. *Cf. Leal v. McHugh*, 731 F.3d 405, 413 (5th Cir. 2013) (under the Fifth Circuit's *Twombly*-based standard, concluding that a group of plaintiffs survived a 12(b)(6) motion on their claim for intentional age discrimination under § 633a, but only because they alleged that an official in a hiring position said that the department needed "new blood"). The factual allegations in Neary's complaint are insufficient as a matter of law to create an

10

inference that his age played a role in the FDIC's hiring decision, even under *Littlejohn*'s relaxed pleading standard. Accordingly, the District Court properly dismissed his claim under Rule 12(b)(6).

For the reasons stated above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk